| | |
|---|---|
| EUGENE SCALIA, Secretary of Labor, )<br><br>Plaintiff, )<br><br>v. )<br><br>INFORMATION CONTROL SYSTEMS, INC., INFORMATION CONTROL SYSTEMS, INC. 401(K) RETIREMENT PLANS, and DAVID JACKSON ROGERS, )<br><br>Defendants. ) | CONSENT JUDGMENT ORDER |

Plaintiff Secretary of Labor, pursuant to his authority under § § 502(a)(2) and 502(a)(5), 29 U.S.C. § § 1132(a)(2) and 1132(a)(5), of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"), filed a Complaint against Defendants Information Control Systems, Inc. and David Jackson Rogers (collectively, "Defendants"), as well as the Information Control Systems, Inc. 401(k) Retirement Plain (the "Plan").[1] (Doc. No. 1.) Defendants and the Secretary have agreed to resolve all matters in controversy in this action, except for the imposition by Plaintiff of any penalty pursuant to ERISA §502(l), 29 U.S.C. §1132(l), and any proceedings related thereto, and said parties do now consent to entry of a Judgment and Order by this Court in accordance herewith.

---

[1] The Information Control Systems, Inc. 401(l) Retirement Plan has been joined as a party defendant pursuant to Rule 19 of the Federal Rules of Civil Procedure, solely to ensure that complete relief may be granted.

1

A. The Secretary's Complaint alleges that Defendants breached their fiduciary duties with respect to the Information Control Systems, Inc. 401(k) Retirement Plan (the "Plan") by failing to discharge their duties under the Plan and by violating provisions of §§ 404 and 406 of ERISA, 29 U.S.C. § §1104 and 1106, as set forth in the Complaint.

B. Defendants admit to the jurisdiction of the Court over them and over the subject matter of this action. Defendants admit that this Court has the authority to enforce this Order and that this Court is the most appropriate venue for any enforcement action which may be required as a result of this Order.

C. Defendants expressly waive any and all claims of whatever nature that they may have against the Secretary, any of his officers, agents, employees, or representatives, arising out of or in connection with the filing, prosecution, and maintenance of this civil action or any other proceeding and investigation incident thereto.

D. This Order represents a complete settlement of all the Secretary's claims asserted in this action against Defendants, with the exception of any potential civil money penalties that may be assessed under § 502(l) of ERISA, 29 U.S.C. § 1132(l). This Order is not binding upon any government agency other than the U.S. Department of Labor and only resolves claims arising out of this action as between the Secretary and Defendants.

E. The Secretary and Defendants expressly waive Findings of Fact and Conclusions of Law, except as otherwise set forth and addressed herein, and

consent to the entry of this Order as a full and complete resolution of all claims and issues which were, or might have been, alleged in this action without trial or adjudication of any issue of fact or law raised in the Complaint.

F. This Order is written in accordance with the wishes of the Parties.

**IT IS, THEREFORE, ORDERED** that:

1. The Court has jurisdiction over the parties to this Order and the subject matter of this action and is empowered to provide the relief herein.

2. Defendants Rogers and Information Control Systems, Inc. ("the Company"), their agents, servants, employees, and all persons in active concert or participation with them are permanently enjoined and restrained from violating the provisions of Title I of ERISA.

3. Defendants Rogers and Information Control Systems, Inc., with the exceptions noted in 5 and 6 below, are permanently enjoined from acting as fiduciaries, trustees, agents, or representatives in any capacity to any employee benefit plan, as defined by ERISA.

4. As a result of their fiduciary breaches, Defendants have caused the accounts of Plan participants losses of $28,819.96, plus interest on those funds of $8,592.81 through January 31, 2020 calculated at the higher of the Plan's rate of return or the applicable Internal Revenue Code section 6621 Rate, for which they are jointly and severally liable. Judgment is hereby ordered against Defendants in the amount of $37,412.77.

5. The Plan has $13,780.33 in match and discretionary forfeiture allocations, which Defendants agree to apply as an offset against the amounts that the Plaintiff has alleged are due to the Plan, as authorized by ERISA § 206(d)(4). The Plan document is hereby deemed amended to permit the distribution and offset of the forfeiture allocations, as provided herein. A full executed copy of this Consent Judgment and Order shall be maintained by the Plan administrator with all other documents and instruments governing the Plan.

6. Defendant Rogers may continue to act as a fiduciary and trustee only to the Plan and only until the Plan assets are distributed or a successor fiduciary is appointed as described herein. The Plan shall be terminated and its assets distributed as follows and in accordance with Plan provisions:

    a. The Plan's cash assets shall be distributed to the Plan's participants and beneficiaries, excluding Defendant Rogers, as soon as possible but in no event later than May 31, 2021.

    b. Upon termination of the Plan, Defendant Rogers shall give Plaintiff, through his undersigned legal representatives, written confirmation of such within five (5) business days.

    c. Defendant Rogers shall provide Plaintiff, through his undersigned legal representatives, an accounting of the asset distributions to the Plan participants and beneficiaries before the Plan assets are, in fact, distributed. The accounting shall include the participants and

4

Case 3:19-cv-00620-RJC-DSC   Document 6   Filed 03/10/21   Page 4 of 9

beneficiaries' names, addresses, social security numbers, dates of employment, and the allocation amounts.

    d. In the event that Defendant Rogers fails to distribute all of the Plan's cash assets to the participants and beneficiaries on or before March 31, 2021, Defendant, upon Secretary's motion, may be removed as trustee and fiduciary. Should the Plaintiff determine that it is necessary to remove Defendant, the Plaintiff shall recommend a successor fiduciary who shall be appointed by the Court upon the Plaintiff's motion.

    e. In the event a successor trustee is appointed, Defendant Rogers shall pay any and all reasonable costs and fees associated with the appointment and services provided by the successor trustee.

7. Defendant Rogers certifies, represents and warrants to this Court under penalty of perjury pursuant to 28 U.S.C. § 1746, that he no longer works for Information Control Systems, Inc., that the Company's operations are limited to one remaining contract, and that neither he nor the Company are able to make full or partial restitution to the Plan. Defendant Rogers specifically acknowledges that the Secretary expressly relies on his representation with respect to Information Control Systems, Inc. in entering into this Consent Judgment, and that his representation as to the operations and financial condition of Information Control Services, Inc. is a necessary and material condition precedent to the Secretary's agreement to the terms in this Consent Judgment and Order.

5

8. By entering into this Consent Judgement, Defendant Rogers certifies, represents, and warrants to the Court under penalty of perjury pursuant to 28 U.S.C. § 1746 that the financial declaration, including the exhibits attached thereto, ("the Financials") submitted to the Secretary are a true and complete disclosure of his assets and that he is in fact presently unable to make a full or partial restitution to the Plan. The Secretary, after consideration of Rogers' certification with respect to the operations and financial condition of Information Control Systems, Inc. and himself personally, and after a review of the Financials, expressly relies upon such representations in agreeing to this Consent Judgment and Order.

9. Defendant Rogers specifically acknowledges that the Secretary expressly relies on the information provided in the Financial in entering into this Consent Judgment, and that his submission of these documents and his affirmation of the truthfulness of the information contained therein to this Court are a necessary and material condition precedent to the Secretary's agreement to the terms in this Consent Judgment and Order. Rogers shall notify the Secretary of any material change to his or the Company's financial condition.

10. The Secretary reserves the right to proceed with collection action(s). The Secretary further reserves the right to initiate contempt proceedings against Defendants Rogers and/or Information Control Systems, Inc. in the event that the Secretary discovers that Information Control Systems, Inc.'s operations or financial condition and/or Rogers' financial condition is

contrary to Rogers' certification, or that the Financials, financial disclosure forms, and/or tax returns provided in accordance with paragraph 7, above, are materially accurate. The Secretary also reserves the right to seek immediate recovery of an amount up to the outstanding balance owed to the Plan in the event of any material inaccuracy in the certification of Information Control Systems, Inc.'s operations or financial condition and/or Rogers' financial condition, and/or the Financials submitted by Rogers in accordance with this Consent Judgment and Order, or if a material improvement in Information Control Systems, Inc.'s or Rogers' financial condition results in additional funds able to satisfy the Plan's losses.

11. If at any time after the entry of this Consent Judgment and Order, the Secretary has reason to believe that Rogers' certification of Information Control Systems, Inc.'s operations or financial condition, Rogers' financial condition, and/or the Financials contain material misrepresentations or omissions, the Secretary shall be permitted to make an appropriate motion for permission to conduct discovery and to establish at an evidentiary hearing that Rogers has made a material misrepresentation or omission. If the Court finds that a material misrepresentation or omission has been made, the Court shall enter a Supplemental Order against Rogers and/or Information Control Services, Inc. order it/him to pay to the Plan immediately the amount by which the actual value of assets was understated.

7

12. During the period beginning with the entry of this Order and ending on December 31, 2029 (the "Financial Disclosure Period"), Rogers shall, no later than thirty (30) calendar days following the filing of his federal tax return for calendar years 2019 through 2028, complete and submit to the Secretary a financial declaration in the format attached hereto as Exhibit A. Rogers shall also submit his completed, executed federal income tax return, including all schedules, by May 1 (or November 1 if an extension is filed) of the calendar year following the calendar year for which said return was filed, or a statement that no such tax return was completed or filed for that calendar year and the reason(s) no filing occurred. Rogers' financial disclosure form and tax returns shall be submitted to the Secretary at the following address:

>United States Department of Labor
>Attn: Isabel Culver, Regional Director
>Employee Benefits Security Administration
>61 Forsyth Street, SW
>Suite 7B54
>Atlanta, GA 30303

13. Rogers declares and affirms that the terms of this Consent Judgment and Order are not now inconsistent with any qualified domestic relations order of any court of competent jurisdiction wherein any domestic relations matter between his and a former spouse has been filed, or is pending; that she will not enter into any qualified domestic relations order that is inconsistent with the terms of this Consent Judgment and Order; and that this Consent judgment and Order constitutes a settlement described by ERISA Section 206(d)(4)(A)(iii), 29 U.S.C. § 1056(d)(4)(A)(iii).

14. This Consent Judgment resolves all claims of Plaintiff's Complaint with the following exceptions:

    a. This Judgment does not adjudicate or otherwise affect any potential civil money penalties that may be assessed under §502(l) of the Act.

    b. This Judgment does not affect or bind any governmental agency other than the United States Department of Labor.

    c. This Court retains jurisdiction for purposes of enforcing compliance with the terms of this Consent Order and Judgment.

15. Each party shall bear his or its own costs and expenses, including attorneys' fees, arising in connection with any stage of the above-referenced proceeding including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

**SO ORDERED.**

Signed: March 10, 2021

_Robert J. Conrad, Jr._
Robert J. Conrad, Jr.
United States District Judge