UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00620-RJC-DSC

| | |
|---|---|
| EUGENE SCALIA, )<br>Secretary of Labor, )<br>  )<br>Plaintiff, )<br>  )<br>v. )<br>  )<br>INFORMATION CONTROL SYSTEMS, INC. )<br>401(K) RETIREMENT PLAN, )<br>INFORMATION CONTROL SYSTEMS, INC., )<br>and DAVID JACKSON ROGERS, )<br>  )<br>Defendants. | **Order** |

**THIS MATTER** comes before the Court on Plaintiff's, Secretary of Labor, U.S. Department of Labor ("Secretary"), Motion for Appointment of Independent Fiduciary. (DE 7). The Secretary moves to appoint, pursuant to Court approval, AMI Benefit Plan Administrators, Inc. as the Independent Fiduciary to the Information Control Systems, Inc. 401(k) Retirement Plan ("Plan"). (DE 7-1). Defendants failed to timely respond or object to the motion, and the time for doing so has expired.

On March 10, 2021, this Court approved the Parties Consent Judgment. (DE 6). Paragraph (6) of the Consent Judgment allows Defendant David Jackson Rogers to continue to act as a fiduciary and trustee to the Plan for the sole purpose of distributing the Plan's assets and terminating the Plan or until a successor fiduciary is appointed. Subparagraphs (d) and (e) of Paragraph (6) provide that if Defendant Rogers fails to distribute the Plan's cash assets to the participants and beneficiaries on or before March 31, 2021, upon the Secretary's motion, Defendant Rogers may be removed as trustee and fiduciary and a successor fiduciary appointed at Defendant Rogers' expense. Defendant Rogers failed to distribute the Plan's assets on or before

March 31, 2021 and, as of the date of this Order, Defendant Rogers still has not distributed the Plan's cash assets. Accordingly, the Court grants the Secretary's Motion for Appointment of Independent Fiduciary.

**IT IS, THEREFORE, ORDERED AND DECREED** that:

1. This Court has jurisdiction over the Parties to this Order and to the subject matter of this action and is empowered to provide the relief herein.

2. AMI Benefit Plan Administrators, Inc. is appointed as the Successor Fiduciary to the Plan.

3. Upon appointment, the successor fiduciary shall collect, marshal, and administer all of the Plan's cash assets and take such further actions with respect to these assets as may be appropriate in order to terminate the Plan.

4. The successor fiduciary shall have all the rights, duties and responsibilities of any fiduciary or trustee described under the Plan's documents and applicable law, with respect to the successor fiduciary's duties.

5. The successor fiduciary is authorized to delegate or assign fiduciary duties as appropriate and allowed under the law.

6. The successor fiduciary shall be entitled to receive fees and expenses reasonably and necessarily incurred in administrating and terminating the Plan, not to exceed $1,735.

7. The successor fiduciary shall invoice Defendant Rogers for its fees, deliverable to David Jackson Rogers, 13000 South Tryon Street, Suite F237, Charlotte, North Carolina 28278. In the event of Defendant Rogers non-payment within 30 days of invoice, the successor fiduciary's fees and expenses shall be paid from the Plan's

forfeiture account.

8. Defendant Rogers shall deliver or otherwise make available to the successor fiduciary any information, documents, files or other compilations, wherever and however stored; that are reasonably necessary to perform the duties of the successor fiduciary.

9. The successor fiduciary is authorized to give instructions respecting the disposition of assets of the Plan.

10. The successor fiduciary in the performance of its duties may retain such assistance as it may require, including attorneys, accountants, actuaries and other service providers.

11. The payment of administrative expenses and all fees to the successor fiduciary, its assistants, attorneys, accountants, actuaries and other necessary service providers are to be considered priority administrative expenses of the Plan.

12. The successor fiduciary is to comply with all applicable rules and laws.

13. This Court retains jurisdiction for purposes of enforcing compliance with the terms of the Appointment.

14. Each party shall bear its own costs and expenses, including attorneys' fees, arising in connection with any stage of the above-referenced proceeding including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

**SO ORDERED**.

Signed: May 19, 2022

*[signature]*

Robert J. Conrad, Jr.
United States District Judge